09-1644-ag
Chen v. Holder

BIA
DeFonzo, IJ
A099 677 405

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:
      ROBERT D. SACK,
      REENA RAGGI,
      RICHARD C. WESLEY,
         *Circuit Judges.*

_____

WEN FA CHEN,
      *Petitioner*,

      v.                09-1644-ag
                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE,
      *Respondents*.

_____

FOR PETITIONER:      Pro Se.

FOR RESPONDENTS:      Tony West, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Yanal Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wen Fa Chen, a native and citizen of the People's Republic of China, seeks review of the March 26, 2009, order of the BIA, affirming the July 26, 2007, decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Fa Chen*, No. A099 677 405 (B.I.A. Mar. 26, 2009), *aff'g* No. A099 677 405 (Immig. Ct. N.Y. City July 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the BIA's and IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Even construing his *pro se* brief broadly, as we must, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), Chen has failed to meaningfully challenge

the agency's denial of his application for asylum, withholding of removal, and CAT relief.

The agency found that Chen did not meet his burden of establishing eligibility for relief based on the alleged persecution that his wife experienced (*i.e.*, her forced IUD insertion and forced abortion) or his own alleged "other resistance" to China's family planning policy.  In addition, the BIA found that Chen's fear of future persecution based on his wife's hypothetical future pregnancy was too speculative to merit relief.  Chen's brief fails to challenge these findings, touching upon them only in a single sentence, stating that he "disagree[s]" with the BIA's and IJ's decisions and that he "thinks the fact that [his] wife was forced to undergo an abortion ... and that the government threatened [him] with arrest due to [his] political opinion in opposition to the coercive family planning policy makes [his] asylum claim well established."

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice.  *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).  Here, no manifest injustice would result.

3

Indeed, even if Chen's *pro se* brief could be construed to have challenged the BIA's decision, his argument fails. With respect to his past persecution claim, Chen was not entitled to relief on account of his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (*en banc*). As to Chen's fear of future persecution, the BIA did not err in finding it impermissibly speculative to the extent it was based on the hypothetical birth of a second child in violation of Chinese law. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4